IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNTIED STATES OF AMERICA, | ) | |
| For the Use and Benefit of | ) | |
| WESTERN BUILDING GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-1407-JTM |
| | ) | |
| TRAVELERS CASUALTY AND SURETY | ) | |
| COMPANY OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This construction dispute is brought under the Miller Act[1] by a subcontractor on a federal project against the prime contractor and its surety.  Defendants have filed a motion to stay this action and compel arbitration, in accordance with an arbitration provision in the subcontract **(ECF No. 7)**.  Plaintiff does not oppose arbitration, but asks the court to "prohibit the arbitrator from issuing a stay of the arbitration proceedings" while the prime contractor resolves pass-through claims with the United States Army Corps of Engineers

---

[1]40 U.S.C. § 270a *et seq.*  The Miller Act "requires a Government contractor to post a surety bond 'for the protection of all persons supplying labor and material in the prosecution of the work provided for' in the contract.  The Act further provides that any person who has so furnished labor or material and who has not been paid in full within 90 days after the last labor was performed or material supplied may bring suit on the payment bond for the unpaid balance." *F. D. Rich Co. v. U. S. ex rel. Indus. Lumber Co.*, 417 U.S. 116, 118 (1974) (quoting 40 U.S.C. § 270b(a)).

("COE"), the owner of the project.[2]  Because plaintiff does not oppose the motion to compel arbitration and stay this case, the motion is granted.  The court denies plaintiff's unsupported request for the court to set procedural limits on the arbitration.

The facts are few and undisputed.  Defendant Archer Western Aviation Partners ("AWAP"), a joint venture, was awarded a federal contract to construct three airplane hangers at McConnell Air Force Base in Wichita, Kansas.  As required by the Miller Act,[3] AWAP executed a payment bond, covering the contract, with defendant Travelers Casualty and Surety Company of America ("Travelers").   AWAP then entered a subcontract with plaintiff whereby plaintiff agreed to perform insulated-metal and roof-panel work on the project.  The subcontract contains an arbitration provision, which states in pertinent part:

> Any controversy or claim of Contractor against Subcontractor or Subcontractor against Contractor or its surety shall, at the option of Contractor or Contractor's surety and at any time, be resolved by arbitration pursuant to rules determined by Contractor.  The Contractor and Subcontractor agree to equally split the administrative costs, fees, and other similar expenses charged by the arbitrator or arbitration agency.  Subcontractor irrevocably submits to the jurisdiction of the federal, state, or United States territory courts located in the state or United States territory of the Project for the purpose of proceedings with respect to the arbitration.[4]

On November 7, 2016, plaintiff filed this lawsuit.  Plaintiff's complaint asserts three causes of action, all arising from plaintiff's contention that it is owed money for work it

---

[2]ECF No. 10 at 5.

[3]*See* 40 U.S.C. § 3131(b)(2).

[4]Subcontract, ECF No. 8-2, at ¶ 11.2.

performed under the subcontract. The first cause of action is brought under the Miler Act, and the remaining causes of action are brought under state law for breach of contract and quantum merit. On December 13, 2016, defendants jointly filed the instant motion to compel arbitration and stay the case.

"Under the Federal Arbitration Act ('FAA'),[5] agreements to arbitrate are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'"[6] Thus, federal policy favors arbitration agreements and requires the court to "rigorously enforce" them.[7] On a motion to compel arbitration under the FAA, the court should compel arbitration if it finds (1) a valid arbitration agreement exists between the parties, and (2) the dispute before it falls within the scope of the agreement.[8] In this case, the parties agree that both conditions are present.[9] Accordingly, the court grants defendants'

---

[5]9 U.S.C. §§ 1–3.

[6]*In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 790 F.3d 1112, 1116 (10th Cir. 2015) (quoting 9 U.S.C. § 2), *cert. denied sub nom. Cox Commc'ns, Inc. v. Healy*, 136 S. Ct. 801 (2016).

[7]*Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *see also In re Cox*, 790 F.3d at 1116 (quoting *Hill v. Ricoh Ams. Corp.*, 603 F.3d 766, 777 (10th Cir. 2010)).

[8]9 U.S.C. §§ 2–3.

[9]*See* ECF No. 10 at 2 ("[Plaintiff] recognizes that under the Subcontract, AWAP and the surety, Defendant Travelers . . . has the option to require arbitration. . . . [Plaintiff] has no objection to arbitration of its claims against the Defendants in an expeditious manner.").

motion to compel arbitration.  As required by the FAA, the court stays this action pending the arbitration.[10]

Plaintiff asks the court to place restrictions on the arbitration.[11]  Plaintiff expresses concern that "Defendants intend . . . to stay the arbitration proceeding until [AWAP] can litigate its pass-through claims against the Corps of Engineers."[12]  According to plaintiff, such an arbitration stay would delay resolution of plaintiff's Miller Act claims in violation of the Tenth Circuit's opinion in *Fanderlik-Locke Co. v. U.S. ex rel. Morgan*, 285 F.2d 939, 942 (10th Cir. 1960).[13]  Plaintiff asserts the court must "give effect" to the parties' subcontract agreement that "the arbitrator would be limited to applying the law of the state of Kansas and decisions of the District of Kansas and the Tenth Circuit construing the Miller Act."[14]  Specifically, plaintiff asks the court to "prohibit the arbitrator from issuing a stay of

---

[10]*See* 9 U.S.C. § 3.

[11]The court grants plaintiff's motion for leave to file a sur-reply in support of plaintiff's request that the court set parameters on the arbitration **(ECF No. 12)**.  The court has considered plaintiff's sur-reply in deciding this matter.  The court finds the parties' positions on plaintiff's request clearly set forth in the multiplicitous briefs addressing the issue (ECF Nos. 10, 11, 12, 13, 14, 15, and 16) and therefore denies plaintiff's motion to further address the issue in oral argument **(ECF No. 14)**.

[12]ECF No. 10 at 3.

[13]Plaintiff sets forth a detailed substantive argument that the "paid when and if paid" clause of the subcontract did not waive plaintiff's Miller Act rights and cannot operate to stay plaintiff's Miller Act claim.

[14]*Id.* at 4.

the arbitration proceedings contrary to the established law of this jurisdiction"[15] and to prohibit defendants from asking the arbitrator to stay plaintiff's Miller Act claims.[16]

The court respectfully declines plaintiff's request.  First, plaintiff has cited no case, and the court knows of none, in which a court has compelled arbitration and placed restrictions of this type on the arbitration proceeding.  Binding precedent suggests that the court has no such authority.  The Supreme Court has directed that "'procedural questions which grow out of the dispute and bear on its final disposition' are presumptively *not* for the judge, but for an arbitrator, to decide."[17]  And the Tenth Circuit has directed that "'arbitration is a matter of contract' in which courts have a limited role.  In that limited role, courts do not have authority to decide questions explicitly addressed by the arbitration agreement."[18]  "In this circuit, the arbitration panel is entitled to extreme deference in setting the bounds of its

---

[15]*Id.* at 5.

[16]*Id.* at 15.

[17]*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (emphasis in original) (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964) (holding that an arbitrator should decide whether steps that were prerequisites to arbitration were completed)); *see also Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452–53 (2003) (ruling that question which "concerns contract interpretation and arbitration procedures" is for arbitrator, not court, to decide); *Local 7 United Food and Commercial Workers Intern. Union v. Albertson's Inc.*, 963 F.2d 382, at *3 (10th Cir. 1992) (unpublished table decision) (holding that under broad arbitration clause, whether a party could impose unilateral time limits for the selection of arbitrators was a question for arbitrator, not court, to decide).

[18]*Shell Oil Co. v. CO2 Comm., Inc.*, 589 F.3d 1105, 1108 (10th Cir. 2009) (quoting *Howsam*, 537 U.S. at 83).

authority to decide an issue submitted to arbitration."[19]  Thus, although plaintiff may well be correct that under *Fanderlik-Locke* the arbitration of plaintiff's Miller Act claim cannot be stayed pending a resolution of AWAP's pass-though claims against the COE, the question is for the arbitrator to decide, not for this court to dictate.

Second, plaintiff's request presupposes a potential future development—i.e., that defendants will move the arbitrator to stay the arbitration—which may or may not come to fruition.  The court may not issue advisory opinions about speculative future events.[20]  If and when defendants make such a motion, plaintiff may assert their substantive arguments that *Fanderlik-Locke* prohibits such a stay, and the arbitrator will rule under the applicable law. Plaintiff has not cited a case suggesting that the court may anticipate and decide an issue which only hypothetically may arise during arbitration.

In summary, plaintiff recognizes that its claims are subject to arbitration under the

---

[19]*Hungry Horse LLC v. E Light Elec. Servs., Inc.*, 569 F. App'x 566, 573 (10th Cir. 2014).

[20]*See, e.g., Camreta v. Greene*, 563 U.S. 692, 717 (2011) ("The 'judicial Power is one to render dispositive judgments,' not advisory opinions.") (quoting *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 219 (1995)); *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1112 (10th Cir. 2010) (holding that speculative concerns about possible future action cannot support a claim for declaratory relief because "such relief would amount to an advisory opinion regarding the scope of [defendant's] discretion and such an opinion would clearly be improper").

subcontract and that this federal lawsuit should be stayed pending such arbitration.[21] Plaintiff has not persuaded the court that the court has authority to place parameters on the mandated arbitration.

IT IS THEREFORE ORDERED that defendants' motion to compel arbitration and stay proceedings is granted, and all proceedings in this matter shall be STAYED pending arbitration of the claims presently asserted by plaintiff.

IT IS FURTHER ORDERED that this court shall retain jurisdiction to review, modify, or vacate any arbitration awards, should any party choose to seek such action as permitted by the FAA, and shall retain jurisdiction to dismiss this lawsuit if plaintiff fails to initiate arbitration within **30 days** of the entry of this order.

IT IS FURTHER ORDERED that the parties shall file a joint status report, not less than once every six months (to begin six months from the date of this order), regarding the progress of the arbitration.

Dated January 18, 2017, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[21]*See U.S. ex rel. Humbarger v. Law Co.*, No. 01-4156-SAC, 2002 WL 436772, at *4 (D. Kan. Feb. 20, 2002) ("The court finds that this agreement between the contractor and subcontractor to arbitrate their dispute will be upheld even though Miller Act jurisdiction exists, and that this suit brought in federal court under the Act should be stayed pending such arbitration. The Miller Act does not prohibit arbitration before resort to the courts where, as here, the subcontractor and contractor have previously agreed to arbitrate disputes.").